# UNITED STATES DISTRICT COURT
## for the
Eastern District of Tennessee

Northeastern Division

**FILED**
AUG 22 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

Aidan Blythe Reichert
_Plaintiff(s)_
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

see attached
_Defendant(s)_
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 2:25-cv-133 Corker/Wyrick
_(to be filled in by the Clerk's Office)_

Jury Trial: _(check one)_ ☐ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Aidan Blythe Reichert
Street Address: 155 O'Brien Ln
City and County: Hawkins, Rogersville, ~~423-785-7~~
State and Zip Code: Tennessee 37857
Telephone Number: 423 470 8769
E-mail Address: reichert.ab@icloud.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title _(if known)_. Attach additional pages if needed.

Defendant No. 1
- Name: Michael Davis
- Job or Title (if known): Deputy for Hawkins County Sheriff
- Street Address: 117 Justice Center Dr
- City and County: Rogersville, Hawkins
- State and Zip Code: Tennessee 37857
- Telephone Number: 423 272-4848
- E-mail Address (if known):

Defendant No. 2
- Name: Nick Mason
- Job or Title (if known): Veterinarian
- Street Address: 230 Louin Road
- City and County: Mooresburg, Hawkins
- State and Zip Code: Tennessee 37857
- Telephone Number: 423 272 0444
- E-mail Address (if known):

Defendant No. 3
- Name: Rachel Scharrer
- Job or Title (if known):
- Street Address: 109 OBren Lane
- City and County: Rogersville, Hawkins
- State and Zip Code: Tennessee 37857
- Telephone Number: 541 279 4745
- E-mail Address (if known):

Defendant No. 4
- Name: Hawkins County Humane Society
- Job or Title (if known):
- Street Address: 5180 US 11W
- City and County: Rogersville Hawkins
- State and Zip Code: Tennessee 37857
- Telephone Number: 423 272 6538
- E-mail Address (if known):

#5 Isaac Scharrer
109 OBrien Ln
Rogersville   Hawkins
Tennessee   37857
423 754 0719

#6 Sandra Behnke — manager humane society
5180 Hwy 11W
Rogersville   Hawkins
Tennessee   37857
423 272 6538

#7 Jacqueline Catterson
Assistant Manager Humane Society
5180 Hwy 11W
Rogersville   Hawkins
Tennessee   37857
423 272 6538

#8 US Dept of Agriculture et all
440 Hogan Rd
Nashville, Davidson
Tennessee, ~~[illegible]~~ 37220
615 837 5103

#9 Raymond Raper
US Dept of Ag?
440 Hogan Rd
Nashville Davidson
Tennessee 37220
615 937 5103, 615 837 5120

#10 Officer Beach
117 Justice Center Dr
Rogersville Hawkins
Tennessee 37857
423 272 4848

#11 Hawkins County Sheriffs Dept
117 Justice Center Dr
Rogersville Hawkins
Tennessee 37857
423 272 4848

#12 Todd Ross
Judge Hawkins County General Sessions
115 Justice Center Dr #1222
Rogersville Hawkins
Tennessee 37857
423 272 3300, option 3

#13 Hawkins County Court
117 Justice Center Dr
Rogersville Hawkins
Tennessee 37857
423 272 3397

#14 Greg Brooks
FSA farm loan manager
1401 E. Main St
Rogersville Hawkins
Tennessee 37857
423 272 0217

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question  [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A. **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Section 1983 of the Civil rights act

B. **If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

b.  If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   Or is incorporated under the laws of *(foreign nation)* _____,

   and has its principal place of business in *(name)* _____.

   *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

   The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

   _____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

_____

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: August 22, 2025

Signature of Plaintiff

Printed Name of Plaintiff: Aidan Blythe Reichert

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

## Plaintiff's Statement of Facts

Incident on August 23, 2024

On August 23, 2024, Rachel Scharrer trespassed on Plaintiff's property after receiving information from the Sheriff's Department that Plaintiff was in custody. Scharrer entered the Plaintiff's farm and moved dogs that had been penned up separately. She located a dog that the Plaintiff had left in a kennel inside the house and then proceeded to call the Sheriff's Department, claiming that Plaintiff had no food or water on the premises. Despite these claims, no aid was rendered to the injured animal, which had been hurt in an automobile accident on August 20, 2025.

Custody and Lack of Animal Care

While in custody, Plaintiff was not allowed any phone calls and was not arraigned the day following her arrest, as she had been told she would be. As a result, the animals were not fed or watered, and the injured dog did not receive medication or treatment. Deputy Davis came to the Hawkins County Jail and requested that the animals be surrendered. Plaintiff requested that Deputy Davis take the injured dog to the veterinarian at her own expense, but this request was ignored. Plaintiff refused to surrender the animals at that time because she believed she would be released immediately and could provide proper care.

Dr. Nick Mason and Service Dogs

Plaintiff's service dogs were dumped at the farm by Dr. Nick Mason, despite Deputy Beach's assurance during her arrest that Dr. Mason would be responsible for their care and anything that happened to them. Both of those service dogs were mauled while Plaintiff was incarcerated.

Forced Surrender of Other Animals

Sheep were also injured, presumably by dogs that had been turned loose rather than kept in their designated pens or pastures.

# Plaintiff's Statement of Facts

## Public Statements and Misrepresentations

The Hawkins County Humane Society lied about the conditions on the farm, stating there were no water bowls or food for the animals. They also stated there was no water on the property and falsely reported the discovery of a dead foal, which is impossible. They made multiple public posts on social media and contacted the news. Despite Plaintiff's repeated prior requests to the Humane Society for help in rehoming senior dogs, the Humane Society was then able to rehome all of Plaintiff's dogs immediately after publicly posting her address.

## Judge Ross and Judicial Orders

Judge Ross ordered Plaintiff to surrender her guns and leave her gate open until all animals were collected, a process that took five months. Plaintiff had also been ordered to leave the property unlocked and accessible until all animals had been removed.

## Medical and Psychological Harm

Following her custody, Plaintiff experienced more than eight ER visits in a five-week period and was hospitalized in a psychiatric facility for 11 days. Due to the stress caused by the seizure of animals and the trespasses on her home, Plaintiff was homeless from September 30 through the beginning of April when she returned home.

## Seizure and Sale of Sheep

The U.S. Department of Agriculture refused to allow Plaintiff to observe the collection of her sheep or provide them with necessary medications. False statements were made, claiming that there was no food or water on the property. The sheep were picked up by a tow truck driver and kept at an undisclosed location before being sold privately to individuals selected by Greg Brooks of the Farm Service Agency. The sheep were sold at a massive discount, causing Plaintiff to lose all monies invested, which had been borrowed through FSA operating loans. In the previous year alone, Plaintiff spent $55,000 on 40 sheep. She also lost members of her original flock.

# Plaintiff's Statement of Facts

Loss of Livestock

Plaintiff's thoroughbred stud, a racehorse prospect, was castrated and crippled while in the custody of parties associated with the Humane Society. His current disposition is unknown. A mare placed into the pasture with the stud during Plaintiff's incarceration may have been bred, and her disposition is also unknown.

Criminal Charges and Consequences

Plaintiff has been charged with 112 counts of misdemeanor animal cruelty and five felony counts. Her public defender informed her that she faces 112 years in prison based solely on the misdemeanor charges. Plaintiff has been deprived of her livelihood and is facing foreclosure. She has also received multiple death threats and suffered a burglary of her home.

# Relief Requested

IV

Plaintiff respectfully requests the following relief:

1. Compensation for financial loss of sheep: $120,000
2. Compensation for loss of dogs: $100,000
3. Compensation for the value of the farm: $750,000
4. Medical expenses incurred after the breakdown: $40,000
5. Compensation for trained service dogs: $60,000
6. Compensation for defamation and damage to reputation: Amount to be determined
7. Compensation for loss of future sales on trained dogs: $200,000 over an 8-year period
8. Pain and suffering: Equal to total monetary loss

## Attorney's Fees

Plaintiff requests that all reasonable attorney's fees incurred in pursuing this action be paid in full.